**MEMO ENDORSED**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Case No. 7:20-cv-06687-KMK |
| | : |
| NELLY R. LLANOS, et al., | : |
| | : |
| Defendants. | : |

**DECLARATION OF JON D. JEKIELEK, ESQ. IN SUPPORT OF
PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES**

Pursuant to 28 U.S.C. § 1746, Jon D. Jekielek, declares as follows:

1. My firm serves as counsel for Joe Hand Promotions, Inc. generally and specifically in this action. I have personal knowledge of the following facts.

2. I am a co-founder and managing partner at Jekielek & Janis, LLP and I am a member in good standing of the State Bar for the State of New York (2007). I have also been admitted to practice in the United States District Courts for the Southern, Eastern, Northern, and Western Districts of New York. I have been practicing for over thirteen (13) years.

3. For ten (10) years our firm has litigated federal piracy claims on behalf of commercial pay-per-view distributors of major televised sporting events.

4. This particular case has required the involvement of myself and one paralegal.

5. The Second Circuit utilizes the "lodestar" method to calculate the amount of fees to be assessed. The lodestar is the "the product of a reasonable hourly rate and the reasonable number of hours required by the case—[which] creates a presumptively reasonable fee." *Stanczyk v. City of New York*, 752 F.3d 273, 284–85 (2d Cir. 2014) (quoting *Millea v. Metro–N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

6. Courts in the Second Circuit adhere to the forum rule when determining the hourly rate. "According to the forum rule, courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Restivo v. Hessemann*, 846 F.3d 547, 590 (2d Cir. 2017).

7.  My billable hourly rate for federal piracy litigation practice is currently four hundred dollars ($400.00) per hour.  This rate is consistent with attorneys' fee awards in federal courts for the Southern and Eastern Districts of New York.[1]

8.  We bill administrative paralegal time at one hundred dollars ($100.00) per hour.[2]

9.  Attached hereto as Exhibit A are contemporaneous records specifying relevant dates, time spent, and my work done in connection with this matter.

10. Our paralegal spent a total of 2.3 hours on this matter including time spent opening our internal case file, reviewing evidence, researching the establishment and ownership of the establishment, drafting and sending two (2) notice of claims letters to Defendants, preparing filing documents, and managing process service.

11. As such our firm's billable fees for attorneys equals two thousand three hundred sixty dollars ($2,360) (5.9 hours at rate of $400/hour) and our paralegal fees equals two hundred thirty dollars ($230) (2.3 hours at rate of $100/hour) for a total of two thousand five hundred ninety dollars ($2,590).

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  April 7, 2021

Granted.
4/12/21

SO ORDERED

KENNETH M. KARAS U.S.D.J.

By: /s/ Jon D. Jekielek
Jon D. Jekielek, Esq.
Jekielek & Janis LLP
31 Cloverhill Place, Floor 1
Montclair, NJ 07042
T: (212) 686-7008
jon@jj-lawyers.com

Attorneys for Plaintiff

---

[1]   *Pyatt v. Raymond*, 2012 WL 1668248, at *6 (S.D.N.Y. May 10, 2012) (citing cases approving $400 to $650 hourly rates for partners in copyright and trademark cases); *OZ Mgmt. LP v. Ozdeal Inv. Consultants, Inc.*, 2010 WL 5538552, at *3 (S.D.N.Y. Dec. 6, 2010) (finding $657 per hour "is well within the range of rates for law firm partners in the New York City area with significant intellectual property law experience" and approving $395 to $435 associate rates), *report & rec. adopted*, 2011 WL 43459 (S.D.N.Y. Jan. 5, 2011); *U.S.A. Famous Original Ray's Licensing Corp. v. Tisi's Pizza & Pasta Inc.*, 2009 WL 4351962, at *7 (S.D.N.Y. Dec. 1, 2009) (Peck, M.J.) (finding that hourly rates of $400 for partner and $295 for ninth year associate "are commensurate with (if not lower than) the rates that attorneys in Manhattan with comparable experience charge and the rates that Southern and Eastern District judges have approved in other intellectual property cases"), *report & rec. adopted*, 2009 WL 5178023 (S.D.N.Y. Dec. 31, 2009); *Houston v. Cotter*, 234 F. Supp. 3d 392, 402 (E.D.N.Y. 2017) ("Courts in the Eastern District of New York [typically] award hourly rates ranging from $200 to $450 per hour for partners, $100 to $300 per hour for associates, and $70 to $100 per hour for paralegals."); *Sass v. MTA Bus Co.*, 6 F. Supp. 3d 238, 261 (E.D.N.Y. 2014) ("Recent opinions issued by courts within the Eastern District of New York have found reasonable hourly rates to be approximately $300-$450 for partners, $200-$325 for senior associates, and $100-$200 for junior associates.").

[2]   Plaintiff's requested hourly rate of $100.00 for paralegal time has been deemed a reasonable hourly rate previously in this District.  *See Douyon v. NY Medical Health Care, P.C.*, 49 F. Supp. 3d 328, 343 (E.D.N.Y. 2014) ("As to paralegals, courts in the Eastern District of New York have held that $90-$100 per hour is a reasonable fee.").